UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:   LARRY EUGENE SCHALLIOL         CASE NO 11-30047
              and
         ROBIN FRANCES SCHALLIOL
         Debtors                        Chapter 13

## AMENDED CHAPTER 13 PLAN

__ Original                              _X_ Modification

__ Provision __ is/are modified from the Trustee Standard Plan

### A. PLAN PAYMENTS
1. Debtor(s) will make payments in the amount of $ 2,572.91 per month.
2. Debtor(s) estimate the plan length of 60 months. The full monthly plan payment will commence not later than 30 days from the date the plan was filed or 45 days from the date the petition was filed, whichever is earlier.
3. Debtors will turn over copies of federal & state tax returns each year of the plan and
___ has prorated tax refunds into the disposable income and all refunds turned over shall apply to the base amount.
_X_ will turn over combined tax refunds over $500 each year of the plan and will not alter any withholding payroll deductions/exemptions without notification to the Trustee. Said tax refunds will not apply to the base amount during the first 36 months but will be an additional dividend to Class Eight General unsecured creditors.
___ commits to a 100% payback to all allowed unsecured creditors and no tax refunds are due.

### B. DISBURSEMENTS BY TRUSTEE
1. **Class One - Administrative Expenses**
   a. *Trustee fees* as determined by statute.
   b. *Attorney fees and costs:*
An agreed fee of $3,500.00 less amounts paid as reflected in the Rule 2016(B) Statement, leaving a balance due of $ 3,500.00 plus costs advanced in the amount of $0 which totals $3,500.00. Attorney's fees to be applied for and approved by the Court.

2. **Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan (11 U.S.C. §1322(b)(5)). Trustee shall commence payments as of the date of the filing of the petition unless the proof of claim provides for a later date. To the extent such claims are non-modifiable pursuant to 11 U.S.C. §1322(b)(2), the Trustee shall adjust the monthly payment to such creditors after notification by the mortgage holder.

| Creditor | Address of Collateral | Monthly Payment |
|---|---|---|
| CitiMortgage | 58265 Terrace Lane | $1,552.63 |

PO Box 24330                          Elkhart, IN
Oklahoma City, OH  73124-0330

| | | |
|---|---|---|
| Santander<br>PO Box 560284<br>Dallas, TX  75356-0284 | 2006 Jeep Liberty | $207.97 |

**3. Class Three - Pre Petition Arrearage on Continuing Claims (11 U.S.C. §1322(b)(6).**  To the extent the claim and plan conflict, the Trustee shall pay the allowed proof of claim.

| Creditor | Address of Collateral | Arrears Amount |
|---|---|---|

**4. Class Four - Other Secured Claims:** Secured claims other than those listed in Classes Two and Three on which the last payment will become due within the Plan duration.  Creditors holding secured claims shall retain their liens and be paid the fair market value of their collateral on a pro-rata basis before unsecured claims are paid.  To the extent that the proof of claim filed and confirmed plan conflict, the Trustee shall pay the claim pursuant to the plan provisions.

| Creditor/Collateral | "Crammed down" (11 USC§1325(a)(5)) or modified (11 USC §1322(b)(2) Indicate Which | Market Value |
|---|---|---|
| Citi Financial Auto<br>PO Box 9575<br>Coppell, TX  75019-9575 | "crammed down"<br>2004 Dodge Ram 1500 | $5,100.00 |

The Debtor has stated the value of the collateral as listed above.  If a secured creditor claims a different value, or different interest rate, then that creditor **must timely object to the confirmation of this plan, and the value and/or interest rate dispute will be litigated and decided as part of the confirmation hearing.**  Failure to timely object to the confirmation of this Plan shall be deemed to be an acceptance of this Plan's statement of collateral value and interest rate.

**5. Class Five - Secured Creditors - Lien Avoided:**  The Debtor seeks to avoid the judicial lien of the non-possessory non-purchase money security interest of the following creditors.  **The basis and cause for lien avoidance is set out of the attached Motion to Avoid Lien attached hereto.**  Absent a timely written objection from the creditor, the order of confirmation will avoid the lien, and its claim will be treated as a Class Eight General Unsecured Claim.

| Creditor | Collateral | §avoiding lien | amount of lien |
|---|---|---|---|
| Capital One | Primary Residence | §522(b) | 1,795.99 |
| Portfolio Recovery | Primary Residence | §522(b) | 1,461.00 |
| Radiology, Inc | Primary Residence | §522(b) | 299.15 |
| Summit Account | Primary Residence | §522(b) | 6,088.51 |
| Summit Account | Primary Residence | §522(b) | 2,618.81 |

**6. Class Six - Priority Unsecured Claims (11 USC §1322(a)(2)).**  All allowed priority claims entitled to priority under 11 USC 507 shall be paid in full during the plan.

| Creditor | Estimated Amount | Interest Rate |
|---|---|---|
| Elkhart County Treasurer | $1,626.42 | 0 |
| Indiana Department of Revenue | $3,201.69 | 0 |
| Internal Revenue Service | $6,430.43 | 0 |

**7. Class Seven - Special Unsecured Claims** shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

| Creditor | Amount | Reason for Special Treatment |
|---|---|---|

**8. Class Eight - General Unsecured Claims** shall be paid a minimum of $19,594.20

## C. PAYMENT DIRECTLY BY DEBTOR TO CREDITORS

**1. Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan (11 USC §1322(b)(5)) that were CURRENT as of the date of filing of the petition. To the extent such claims are non-modifiable pursuant to 11 USC §1322(b)(2), the debtor will increase payments as needed for such compliance.

| Creditor | Address of Collateral | Monthly Payment |
|---|---|---|

**2. Secured Creditors:** Secured claims other than those listed above on which the last payment will become due within the Plan duration. Creditors holding secured claims shall retain their liens and be paid in full by the Debtors their claim at contract rate of interest within the duration of the plan.

| Creditor | Address of Collateral | Monthly Payment |
|---|---|---|

**3. Executory Contracts and/or Unexpired Leases** (11USC §1322(b)(7) and 11 USC §365).

Continuing, Post Petition Obligations:

| Creditor | Collateral | Assume/Reject | Regular payment | Contract expiration date |
|---|---|---|---|---|

Pre-petition Obligations:

| Creditor | Collateral | If assumed amount of Default | Monthly payment to cure |
|---|---|---|---|

Those executor contracts and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any executory contract or unexpired lease assumed, that is to be paid directly by the Debtor.

## D. PROPERTY SURRENDERED

**1. Surrender of Collateral.** The Debtor will surrender Debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. After surrender of the collateral such creditor's deficiency, if any, after liquidation of the collateral, will be paid as an unsecured claim under the provisions for general unsecured creditors if such creditor amends its secured claim to an unsecured claim for such deficiency. Upon the entrance of the order confirming this plan, the automatic stay imposed by 11 USC §362(a) shall be terminated pursuant to 11 USC §362(d).

| Creditor | Collateral |

## E. GENERAL PROVISIONS

1. **Vesting Possession of Estate Property and Lien Retention:** Upon confirmation of the plan, all property listed in the Debtor's schedules will vest in the debtor (11 USC §1327 (b)). The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein (11 USC §1306(b)). All secured creditors shall retain the liens securing their claims unless otherwise stated.

2. Debtor's Causes of Action: Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.

3. Surrender or Abandonment of Collateral: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

4. Prohibition against Incurring Post-Petition Debt: While this case is pending, the debtor will not incur debt without first obtaining approval from the court or the Trustee.

5. Proof of Claims Required for Distributions: To receive distributions from the trustee under this plan **all creditors, including holders of secured claims,** must file a proof of claim with the bankruptcy court.

6. Debtor Duty to Maintain Insurance: Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

7. Curing of Mortgage Defaults: The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in paragraph 2 of section B of this plan, shall be modified only to the extent that (a) paying the amounts specified in that paragraph, while making all required post petition principal, interest and escrow payments, shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case may only be claimed by the mortgage pursuant to the provisions of paragraph 2 of section B of this plan, and if not so claimed, are waived upon completion of this plan and may not be asserted thereafter.

8. Entry of Orders Lifting Stay: Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

9. Secured Claims will be paid the value listed in the plan or the value of the collateral listed in the proof of claim - whichever is less.

10. It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this plan's treatment of the Claim as provided herein.

11. Loss or Destruction of collateral: In the event of the loss or other destruction of collateral, Debtor may, after notice to the Trustee, obtain and retain available proceeds for the sole purpose of acquiring substitute collateral of a value in excess of the secured creditor's remaining secured claim balance. Secured creditor shall release its lien and turn over title upon written request of Debtor's counsel in accordance with this paragraph.

12. Other provisions: _____

Dated: 6-7-11

Debtor: _(signature)_          Debtor: _(signature)_

| Type of Property | Fair Market Value | Amt Lien Provided For in Plan | Debtor's Share of Equity | Exempt Amount | Non-exempt Amount |
|---|---|---|---|---|---|
| Real Estate | 175,000.00 | 93,157.80 | 12,979.73 | 12,979.73 | 0 |
| Vehicles | 14,225.00 | 14,225.00 | 0 | 0 | 0 |
| Household Goods/Personal Effects | 2,300.00 | 0 | 2300.00 | 2300.00 | 0 |
| Jewelry | 500 | 0 | 500 | 500 | 0 |
| Cash/Bank Accounts | 50 | 0 | 50 | 50 | 0 |
| Other | 25860.99 | 0 | 25860.99 | 25860.99 | 0 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Amount available upon liquidation
Less administrative expense and costs
Less priority claims
Amount available in Chapter 7

### Summary of Payments to and from the Trustee

**FUNDING TO TRUSTEE**
Length of Plan is _____ weeks; __60__ months; _____ years
Debtor #1: $ _2,572.91_ per month x _60_ months per Plan = $_154,374.60_ total per Plan
Lump Sums:
Equals total to be paid into the Plan                                                                $ 154,374.60

**DISBURSEMENTS FROM TRUSTEE**
Estimated trustee's fees                                                                                       $ 9,285.86
Attorney fees and costs                                                                                        $ 3,500.00
Total installment mortgage or other long term debt payments
    # months 60 x $1552.63 per month                                                    $ 93,157.80
    # months 60 x $207.97  per month                                                     $ 12,478.20
Total of arrearage including interest                                                                       $ 0.00
Total secured claims, including interest                                                                 $ 5,100.00
Total priority claims                                                                                             $ 11,258.54
Funds available for unsecured creditors                                                               $ 19,594.20

Total disbursements from Trustee                                                                         $ 154,374.60